### PETER EICHELS V. CINCINNATI (CITY).

1. CONTRACTS—WALLS CONSTRUCTED UPON PRIVATE PROPERTY.

Under an agreement between a municipal corporation and a property owner, whereby the former acquired the right to go upon private property for the purpose of constructing retaining and wing walls for a culvert, in consideration of the property owner's right to build over and into and use said walls, the city or the property owner may finally abandon all right and interest in said walls, but the former cannot, by abandonment, at the same time deprive the property owner of his right to use said walls.

2. REMOVAL GIVES OWNER RIGHT OF ACTION FOR DAMAGES.

The fact that the walls, constructed under such agreement were wholly upon the land of the property owner, and the nature and character of the use of the same, granted without reservation of a right of removal, indicate an intention to make the walls a permanent structure; and although the agreement contained no express provision as to duration, the removal of the walls soon after the agreement, and against the protest of the property owner, gives him a right of action for damages, the amount of which is a question for the jury.

3. DELAY IN USE OF—NOT A SURRENDER.

The fact that the property owner did not immediately exercise his right to build over and into or use said wall does not amount to a surrender of such right.

ERROR to the Court of Common Pleas of Hamilton county.

GIFFEN, J,

The petition filed in the court of common pleas sets forth, in substance, that the plaintiff is the owner of certain real estate on Columbia avenue; that defendant, prior to 1891, in constructing Columbia avenue, raised the grade thereof fifty feet, and dug and maintained deep channels into plaintiff's said premises and turned the water from said avenue and surrounding territory over into and through said premises, a deep culvert being built through the avenue into said channels; that in order to sustain said fill and protect said channels and water-courses, defendant erected very substantial wing and retaining walls upon plaintiff's premises; that defendant dug said channels and built said walls through and upon plaintiff's premises without authority, and that on or about April 10, 1893, the plaintiff, together with his predecessors and privies in title, filed a petition in case No. 78,671, Hamilton county common pleas court, setting up the aforesaid facts and praying for damages; that the city filed a general denial thereto; that upon trial of said case the jury returned a verdict in favor of plaintiffs for the sum of $200, and no motion for a new trial being made, judgment was rendered for that

amount. " And by consent of parties it is farther ordered and considered by the court that the said defendant, the city of Cincinnati, shall have the right to maintain the wing and retaining walls of the culvert in Columbia avenue, in front of the premises of the plaintiffs and upon the premises of the plaintiffs, as described in the petition, and as said wing and retaining walls exist now, with the right to enter upon said premises for the purpose of repairing and keeping in repair said wing and retaining walls of said culvert; but the said plaintiffs, as owners of said premises, shall have the right to use said premises in *any* and *every* other way that they may desire, *including* the right to build over and into said walls, but not to impair or interfere with the integrity or security of said walls." That notwithstanding said final decree and judgment the city of Cincinnati, on or about the —— day of ——, 1895, constructed a large closed sewer, about eighteen feet in diameter, through plaintiff's said real estate, whereby the retaining walls extending southwardly from Columbia avenue became unnecessary for the purpose for which they were originally constructed and were abandoned; that in July, 1895, the city, without his consent and against his protest, removed all of said wing and retaining walls extending southwardly from Columbia avenue, and that by reason thereof plaintiff has been damaged in the sum of $3,500.

A general demurrer to this petition was sustained, and upon that ground error is assigned.

It is urged by the corporation counsel in support of the demurrer that the city " paid, by the judgment recited in the petition, $200 for the right to maintain walls upon this property and to drain through it, " and hence the plaintiff can not complain if the defendant abandons the rights acquired and restores the property to the same condition existing before the trespass. But the closed sewer, built since the $200 were paid, still remains on plaintiff's premises, although this is not stated in the petition as a ground of damages. The original petition, in case No. 78,671, set forth the construction of the walls and sewers, and that they had been maintained by the city, and that " by reason of said acts of the city of Cincinnati, plaintiff in said cause had been damaged in the sum of $2,000." There was no issue made of a perpetual easement over plaintiff's land in favor of the city ; and the parties themselves so treated the case when, as shown by the entry, after judgment on the verdict was rendered for the sum of $200, it is further ordered " by consent of parties " that the city shall have the right to maintain the walls and the plaintiff shall have the right to use them. This agreement, if any, contemplated and provided for the perpetual maintenance and use of the walls, and while the city might abandon its right to maintain the walls, it could not thereby deprive the plaintiffs of their right " to use said premises in any and every other way that they may desire, including the right to build over and into said walls." The award of $200 covered the construction and use of the sewer as well as the walls up to the time it was rendered. How much of this amount was apportioned by the jury to each structure does not appear; but it is plain that the use of the walls by plaintiffs was the chief consideration for the agreement to allow the city to enter upon said premises and further maintain and keep in repair said wing and retaining walls; that the plaintiff in this cause did not immediately exercise his right to build over or into the walls was not a surrender of that right. Either party could finally surrender all

his right and interest in the walls at his election; but he could not,. under the agreement, at the same time destroy the right and interest or the other party.

The walls were wholly upon the land of the plaintiff, and the nature and character of the use of the same granted by the city to the plaintiff, without any reservation of a right of removal, indicated an intention to. make them a permanent structure attached to and a part of the real. estate. It may well be urged, however, that the parties made no express stipulation as to the duration of the use and occupancy of the walls, as they might and perhaps ought to have done; but, inasmuch as the city so soon after the agreement, against the protest of the plaintiff, removed the walls, thereby depriving him of all use thereof, he sustained some· damage, the amount of which is a question for the jury.

This case is distinguished from Corwin v. Cowan, 12 Ohio St., 629, and Wagner v. Railroad Co., 22 Ohio St., 563, where the right of removal was sustained, in this, that in neither of those cases was the right. to use the structure granted to the owner of the fee.

Judgment reversed.

*Theodore Horstman*, for plaintiff in error.

*E. G. Kinkead* for the city.